**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED RENTALS, INC., and UNITED RENTALS (NORTH AMERICA), INC.,** | : | Civil Action No.: 3:19-cv-01705 |
| Plaintiffs, | : | |
| v. | : | |
| **JAMES HALL** | : | October 30, 2019 |
| Defendant. | | |

# COMPLAINT

Plaintiffs, United Rentals, Inc., and United Rentals (North America), Inc. (collectively, "United" or "Plaintiff"), by and through their undersigned attorneys, and for their Complaint for injunctive and other relief against defendant James Hall ("Defendant"), hereby state and allege the following:

## NATURE OF ACTION

1. This is an action for breach of contract regarding an agreement between United and Defendant dated January 27, 2014 (the "Agreement").

2. United is engaged in the business of renting and selling construction, aerial and dirt equipment and merchandise to the commercial and general public, including, but not limited to, customers in Arkansas.

3. During his employment, Defendant most recently served as an Outside Sales Representative ("OSR") for United, and, during the 24-month period preceding his resignation, reported to a United branch in Little Rock, Arkansas (the "Little Rock Branch") and a United branch in Hot Springs, Arkansas (the "Hot Springs Branch").

4. The Agreement prohibits Defendant from competing with United in a limited and defined "Restricted Area" during the one-year period following the termination of his employment with United.

5. Notwithstanding his post-employment obligations, Defendant has accepted a position with Hums NLR a/k/a Hums Hardware and Rental a/k/a Hums Equipment ("Hums"), a competitor of United in the Restricted Area, and has commenced operations and has begun engaging in competitive activities on Hums' behalf within the Restricted Area.

6. Defendant's conduct constitutes a breach of his Agreement with United.

## THE PARTIES

7. Each Plaintiff is a Delaware corporation with its principal place of business in Stamford, Connecticut. United does business in Fairfield County, Connecticut, and in branch offices nationwide.

8. Upon information and belief, Defendant is not domiciled in Connecticut or Delaware. Rather, upon information and belief, Defendant is a citizen of Arkansas.

## VENUE AND JURISDICTION

9. Jurisdiction over this matter arises under 28 U.S.C. 1332 (diversity of citizenship). The amount in controversy exceeds $75,000, exclusive of interest and costs.

10. In the Agreement, the parties agreed that the interpretation and enforcement of the provisions of the Agreement shall be resolved and determined exclusively by the state court sitting in Fairfield County, Connecticut, or the federal courts in the District of Connecticut, and the parties further agreed that such courts shall have exclusive jurisdiction for such purpose. Thus, this Court has exclusive personal jurisdiction over Defendant with respect to United's claims under the Agreement.

11. Venue is proper in this District because, in the Agreement, the parties contractually submitted to the exclusive jurisdiction of the state and federal courts sitting in Connecticut.

## FACTUAL ALLEGATIONS

### UNITED'S BUSINESS

12. United specializes in renting and selling construction equipment, power tools, aerial work platforms, scissor, aerial and boom lifts, forklifts, dirt equipment, generators, light trucks, trench boxes, contractor supplies among other things. The sale of equipment includes both new and used equipment.

### DEFENDANT AGREED TO ABIDE BY RESTRICTIVE COVENANTS IN HIS AGREEMENT

13. In exchange for sufficient consideration, Defendant entered into the Agreement.

14. The restrictive covenant in the Agreement imposes two (2) geographic restrictions – one defined as a 50 mile radius from all United locations for which Defendant performed services during the 24-month period immediately preceding the termination of his employment with United; the second defined by the geographic area of Defendant's management or sales responsibilities at United during the 24-month period preceding the termination of his employment with United. Under the Agreement, Defendant is further prohibited from soliciting certain customers, other entities and United employees.

15. Defendant agreed to keep certain information confidential under the Agreement, including such things as "arrangements with, preferences, pricing history, transaction history, identity of internal contacts or other proprietary business information relating to, [United's] customers[.]"

16. Defendant acknowledged that United would suffer irreparable harm and agreed that United would be entitled to injunctive relief, in addition to damages, if he breached or threatened to breach any of the restrictive covenants in the Agreement.

## DEFENDANT'S EMPLOYMENT WITH HUMS VIOLATES HIS POST-EMPLOYMENT RESTRICTIONS

17. On or about August 7, 2019, Defendant separated from his employment at United. United has recently come to learn that Defendant is now employed by Hums, a competitor of United, in contravention of his Agreement. United understands that Defendant is operating as a sales representative on Hums' behalf.

18. Hums operates within the Restricted Area, as defined in the Agreement. At Hums, Defendant will be in a position to actively call on United customers with whom he dealt and to regularly operate within the same geographic territories he serviced during his final 24 months while employed at United. Such conduct within the Restricted Area contravenes Defendant's obligations owed to United.

19. In light of the above, United requests and is entitled to immediate and permanent injunctive relief, in addition to any other relief to which it may be entitled, to avoid suffering irreparable and/or immeasurable harm.

## COUNT ONE

### Breach of Contract

20. United realleges and reincorporates herein by reference the allegations set forth in Paragraphs 1 through 19 above as though fully set forth herein.

21. United and Defendant exchanged adequate consideration in support of the Agreement.

22. United duly performed its obligations pursuant to the Agreement.

23. Defendant has breached and/or will breach his ongoing obligations to United by targeting United's customers with whom he previously dealt, or about whom he had confidential information, on behalf of United, and by performing duties and services for a competitor in the Restricted Area.

24. Defendant's conduct set forth in this Complaint constitutes a material breach of the Agreement.

25. As a result of the foregoing, Defendant is liable to United for breach of contract. As a direct and proximate result of Defendant's wrongful conduct, United has suffered and/or will suffer money damages and irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for its order and judgment as follows:

A. Judgment in United's favor that:

1. Defendant breached the Agreement.

B. Temporary, preliminary and permanent injunctive relief enjoining Defendant from:

1. violating the terms of his Agreement;

2. being employed by/with or providing services to a competitor, including, but not limited to, Hums, within the Restricted Area during the time specified in the Agreement;

3. soliciting the business of, or calling upon, any person or entity, who or which is or was a customer of United with whom Defendant dealt, whom Defendant solicited or targeted, or about whom Defendant has confidential information, during the period of Defendant's employment, for the purpose of providing or obtaining any product or service reasonably deemed competitive with any product or service offered by United.

C. The relief provided for in the Agreement;

D. Compensatory and/or nominal damages;

E. Attorney's fees;

F. Interest;

G. Costs; and

H. Such other and further relief, legal and equitable, that this Court deems just and proper.

Dated this 30th day of October, 2019.

THE PLAINTIFFS
UNITED RENTALS (NORTH AMERICA), INC.
UNITED RENTALS, INC.

By: /s/ *Gerald C. Pia, Jr.*

Brian C. Roche - ct 17975
Gerald C. Pia, Jr. - ct 21296
Roche Pia, LLC
Two Corporate Drive, Suite 248
Shelton, CT 06484
Phone: (203) 944-0235
Fax: (203) 567-8033
E-mail: broche@rochepia.com
gpia@rochepia.com